Dear Mayor Harris:
In your recent correspondence to Attorney General Richard P. Ieyoub, you posed four specific questions regarding municipal annexation. Your questions are fully set forth below, preceding our examination of each of the issues presented.
Your questions appear to be presented in light of R.S.33:172(A), regarding annexation by ordinance after a municipality has been presented with a petition. We assume such to be the case, and note that R.S. 33:172(A) provides:
 "No ordinance enlarging the boundaries of a municipality shall be valid unless prior to the adoption thereof a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits according to the certificate of the parish assessor. If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply. The valuation of the property within the area proposed to be annexed shall be certified to by the assessor according to the assessment of each of the owners signing the petition. Where there has been a change of ownership since the last assessment of the property, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against any previous owner. In any case where the property of the present owner has not specifically been assessed the assessor shall estimate the assessed value of the property for the current year and certify the same as the value of the property."
1. "Should the homestead exemption rolls be the only source used to identify resident property owners?"
R.S. 33:172(A) requires the certification of the assessor as to whether a petition for annexation has been signed by a "majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits". However, the statute does not provide a particular method for assessors to utilize in identifying "resident property owners".
It seems obvious that the homestead exemption rolls would be pertinent to questions regarding residence and ownership, since both residence and ownership are considered in determinations of whether the homestead exemption is to be extended to a particular tract or parcel of property. It is therefore likely that in providing for certification by the assessor, the legislature contemplated that the assessor would utilize the homestead exemption rolls for purposes of preparing his certification.
The decision rendered in Kansas City So. Ry. v. City of Shreveport, 354 So.2d 1362 (La. 1978) is also noteworthy. Therein, regarding the assessor's certification, the Supreme Court stated:
 "We also conclude that use of the computer print-out list of the homestead exemptions was a reasonable method of identifying the resident property owners, although the probability was that a few people eligible for the exemption did not file for it. The statute cannot reasonably be interpreted to require the Assessor to make an actual check of each property in the area." (Emphasis added).
Clearly, the Supreme Court, in the Kansas City decision, determined that assessors are not required to make an actual check of each property in the area, and that their use of the homestead exemption rolls for purposes of identifying "resident property owners" is reasonable.
In accordance with the Kansas City decision, it is our opinion that for purposes of certifying the signatures contained on an annexation petition, the assessor is not required to examine anything more than the homestead exemption rolls to identify "resident property owners".
2. "Does the terminology "resident property owners" exclude property owners that do not live at the location of their property?"
This office has previously opined that the term "resident property owner" refers to owners of property who reside within the area proposed to be annexed, without regard to whether they reside at any of the properties they own. Attorney General's Opinions No. 89-57 and 89-57A. Furthermore, this office has previously opined that the commercial, industrial, and public service property owned by resident property owners, as well as their residential property, is included in the scope of the valuation requirement of R.S. 33:172. Attorney General's Opinion No. 89-57A.
However, as previously noted, the Kansas City decision deemed use of the homestead exemption rolls for purposes of identifying the resident property owners as a reasonable method.
Since the only property owners properly listed on the homestead exemption rolls are those that actually occupy at least one of the properties owned by them within the area to be annexed, it appears that property owners that do not live at the location of their property may be excluded from the assessor's certification. If the assessor making the calculations chooses to utilize only the homestead exemption rolls for purposes of identifying resident property owners, then resident owners who do not live at the location of their property would not be identified by the assessor as "resident property owners".
3. "Should non-resident property owners be included in the required percentage to be certified by the tax assessor?"
In our opinion, only property owners who reside within the area proposed to be annexed should be included for purposes of determining if the petition for annexation contains the signatures of a majority of resident property owners and twenty-five percent in value of the property of the resident property owners.
You may be interested to know that one of the issues decided by the Supreme Court in the Kansas City decision was that the exclusion of non-resident property owners and their property, in the determination of whether the requirements for an annexation petition are met, does not result in a denial of due process or equal protection.
4. "In a petition to annex, is it necessary to have a majority of resident property owners or just 25% in number of resident property owners?"
This office has already determined that a petition to annex must contain the signatures of: (1) a majority of the voters in the area to be annexed, (2) a majority in number of the resident property owners residing in the area, and (3) an indeterminate number of the persons residing in the area who cumulatively own 25% of the value of the property in the area. Attorney General's Opinion No. 89-57.
In direct response to your question, an annexation petition must contain the signatures of a majority in number of the resident property owners as well as the signatures of resident property owners who cumulatively own 25% of the value of the property in the area to be annexed.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 338n